IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANDREW GILES, individually and )
on behalf of all others )
similarly situated, )
                                               )
       Plaintiff, )
                                               )
   v. )         1:17CV482
                                               )
BNC BANCORP, THOMAS R. SLOAN, )
JAMES T. BOLT JR., ABNEY S. )
BOXLEY III, RICHARD D. )
CALLICUTT II, JOSEPH M. )
COLTRANE, JR., CHARLES T. )
HAGAN III, ELAINE M. LYERLY, )
MATTHEW WALSH MCINNIS, )
W. SWOPE MONTGOMERY, JR., )
LENIN J. PETERS, JOHN S. )
RAMSEY, JR., THOMAS R. SMITH, )
ROBERT A. TEAM, JR., )
G. KENNEDY THOMPSON, D. VANN )
WILLIFORD, RICHARD F. WOOD, )
and PINNACLE FINANCIAL )
PARTNERS, INC., )
                                               )
       Defendants. )

## STIPULATION OF DISMISSAL AND ORDER

WHEREAS, on May 25, 2017, Plaintiff Andrew Giles ("Plaintiff") filed a putative Class Action Complaint for Violation of the Securities Exchange Act of 1934 (the "Complaint") in the above-captioned action (the "Action");

WHEREAS, the Action asserts claims for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934

and Rule 14a-9 promulgated thereunder relating to disclosures made in a joint definitive proxy statement ("the Proxy Statement") filed with the United States Securities and Exchange Commission (the "SEC") on or around May 3, 2017, in connection with the proposed acquisition of BNC Bancorp ("BNC") by affiliates of Pinnacle Financial Partners, Inc. (the "Transaction");

WHEREAS, on June 2, 2017, BNC publicly filed an amendment to the Proxy Statement in a Form 8-K with the SEC that contained additional information regarding the Transaction (the "Supplemental Disclosures");

WHEREAS, based on his review and analysis of the Supplemental Disclosures, Plaintiff believes that sufficient material information has been disclosed in the Supplemental Disclosures that were required to be disclosed and warrant dismissal of the Complaint as moot;

WHEREAS, Defendants expressly deny that Plaintiff ever asserted any viable claim that could now be considered moot, and further deny that the Supplemental Disclosures contained any additional material facts that were required to be disclosed;

WHEREAS, Plaintiff asserts that the Supplemental Disclosures were obtained as a result of this Action and conveyed a substantial benefit to stockholders and therefor

intends to submit to the court an application for an award of attorneys' fees and reimbursement of expenses (the "Fee and Expense Application");

WHEREAS, Defendants expressly deny that any claim asserted by Plaintiff is or ever was meritorious, and continue to deny that they committed or aided and abetted any violation of law, or engaged in any of the wrongful acts alleged in the Complaint, and expressly maintain that they have diligently complied with all of their legal obligations;

WHEREAS, each Defendant reserves the right to oppose any Fee and Expense Application; and

WHEREAS, no compensation in any form has passed directly or indirectly to Plaintiff or his attorneys and no promise or agreement to give any such compensation has been made, nor has any discussion relating to such compensation taken place between the parties; and

WHEREAS, no class has been certified in the Action.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED** by the undersigned parties, through their attorneys and subject to the court's approval, that:

1. This action is dismissed pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, and all claims asserted therein are dismissed with prejudice as to Plaintiff,

individually, and without prejudice as to any actual or potential claims of any other putative class member.

    2.   As the dismissal is with prejudice to Plaintiff only, and without prejudice as to all other members of the putative class, notice of this dismissal is not required.

    3.   This court retains continuing jurisdiction over the parties in the Action solely for purposes of further proceedings related to the adjudication of Plaintiff's anticipated Fee and Expense Application.

    4.   This Order is entered without prejudice to any position, claim, or defense any party may assert with respect to the anticipated Fee and Expense Application or any matter related thereto, which includes Defendants' right to challenge the basis for, as well as the amount of, the anticipated Fee and Expense Application.

    **IT IS SO ORDERED.**

    This the 22nd day of June, 2017.

                                 */s/ William L. Osteen, Jr.*
                                     United States District Judge